*Debe confirmarse la sentencia recurrida.*

EN EL ASUNTO DE LA WHITE STAR BUS LINE, INC., contra varios porteadores públicos de vehículos de motor con capacidad autorizada no mayor de siete pasajeros. JAIME ÒRTIZ, ALEJANDRO SALGADO y JUAN GONZÁLEZ y otros, porteadores públicos con licencia del Departamento del Interior, apelantes.

Núm. 7770.—*Sometido:* Febrero 6, 1939. *Resuelto:* Fefrebro 7, 1939.

*Dexter & Dexter,* abogados de los apelantes; ·*T. Torres Pérez,* abogado de la comisión de Servicio Público; *C. Iriarte, F. Fernández Cuyar* y *H. González Blanes,* abogados de la White Star Bus Line, Inc.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

Tenemos ante nos una moción de los apelantes que lee así:

"Moción de los apelantes en forma alternativa para que se anule la sentencia de este Tribunal por falta de jurisdicción sobre la apelación de la corte de distrito, se permita la radicación de los autos del procedimiento y la sentencia en la corte inferior, y para que se

señale una vista del caso; o para que, si se declara sin lugar esta moción, se considere y admita la petición de apelación para ante la Corte de Circuito de Apelaciones de los Estados Unidos, que a ésta se acompaña.''

Consideramos ahora dicha moción, mas los apelantes han radicado también una ''Petición de Apelación'' fechada el 2 de febrero de 1939.

En la moción se alega que en 20 de mayo de 1938 los apelantes presentaron a la corte de distrito un escrito de apelación contra la sentencia dictada por ésta; que en junio 1, 1938, dicha Corte, a instancia de los apelantes, dictó resolución ordenando a los funcionarios del aludido tribunal que prepararan los autos en apelación; que el 21 de mayo de 1938 la interventora, White Star Bus Line, Inc., radicó su moción en la Corte Suprema solicitando la desestimación del recurso; que ''esta moción fué señalada y oída el 6 de junio, 1938, fecha en la cual no estaban ante ella (Corte Suprema de Puerto Rico) los autos de la corte de distrito con la sentencia y demás documentos y procedimientos necesarios que demostraran las controversias y las cuestiones envueltas en el caso, tales como fueron presentadas en dicha corte inferior a virtud de la apelación interpuesta por los apelantes contra la orden de enero 4 de 1938 de la Comisión de Servicio Público, y que eran necesarios para dar a la Corte Suprema jurisdicción del recurso de apelación''; que ''no obstante la ausencia de los autos ante el Tribunal Supremo, éste oyó la moción para desestimar el recurso el 6 de junio de 1938, y el 5 de julio del mismo año declaró sin lugar la moción y señaló el caso para vista el 11 de dicho mes y año''; que ''la Corte Suprema no había en absoluto adquirido jurisdicción del recurso de apelación y que de sus propias decisiones se desprende que sus procedimientos y sentencias no constituyen un debido proceso de ley.''

En gran parte, de no serlo enteramente, la moción de los apelantes se basa en el hecho de que este tribunal no adquirió jurisdicción del recurso. La moción continúa ale-

gando que dentro del tiempo requerido por el reglamento de este Tribunal Supremo los apelantes radicaron una moción de reconsideración y que estando este tribunal en receso para la época en que se radicó dicha moción, el Juez de turno dictó resolución para que se diera cuenta al tribunal en pleno en su próxima sesión de noviembre; que al reunirse el tribunal, la moción de reconsideración fué considerada y declarada sin lugar con fecha 10 de noviembre de 1938.

No puede haber duda alguna, según entendemos, que la Corte Suprema de Puerto Rico adquirió jurisdicción sobre el caso por razón del recurso interpuesto por los apelantes en mayo 19 ó 20, según sea. (Aparentemente en una de nuestras opiniones o resoluciones dijimos que la apelación fué interpuesta el 19 de mayo, siendo lo cierto que se interpuso el 20 de mayo.) Desde luego, una corte de apelaciones no puede proceder a oír un caso sin tener a la vista el legajo de sentencia u otros procedimientos de la corte inferior. Empero, luego de entablarse una apelación, el legajo de sentencia puede sustituirse a elección de las partes mediante una estipulación que contenga una relación del caso o en otras formas. En el presente recurso no se presentó legajo de sentencia por medio de copias ni hubo una relación del caso estipulada por las partes. Lo sucedido fué que este tribunal tenía ante sí, por acuerdo entre las partes, los autos originales de la Corte de Distrito de San Juan, consistentes, entre otras cosas, en la sentencia y los procedimientos habidos ante la Comisión de Servicio Público.

Estos documentos fueron elevados a este tribunal por el secretario de la corte de distrito, que fué traído como testigo por una u otra de las partes, y quien entregó los autos al secretario de este tribunal. Todo esto a virtud de un entendido entre las partes. Así, pues, si bien es cierto que este tribunal no tenía ante sí un legajo de sentencia compuesto de copias de los procedimientos habidos ante la corte inferior, tenía el legajo de sentencia en sí. Ambas partes

descansaron en los documentos originales y al declararse sin lugar en noviembre 10 de 1938 la moción de agosto 4, dichos documentos originales fueron devueltos a la Corte de Distrito de San Juan en 14 de noviembre del referido año.

Podríamos intercalar aquí que simultáneamente con la moción para desestimar oímos una moción de los apelantes en que se solicitaba la expedición de un *injunction* para hacer efectiva nuestra jurisdicción. La idea era dejar los procedimientos en el *statu quo* en que habían quedado por la resolución original del Juez Llauger que prohibía a la Comisión de Servicio Público pusiera en vigor una o más de sus órdenes. La vista de la moción para desestimar y la audiencia sobre la petición de *injunction* fueron celebradas el mismo día, o sea el 6 de junio de 1938. Esto se desprende suficientemente de la opinión emitida por este tribunal el 5 de julio de 1938, cuyo título demuestra que estábamos considerando tanto el caso número 7770 como el número 19. El número 7770 era un recurso civil y el número 19 un caso de *injunction* original en ayuda de la apelación.

Tanto en la página 1 como en la página 2 de un alegato radicado por los apelantes el 13 de junio de 1938 se hace referencia a los autos que están ante este tribunal. En la página 18 los apelantes se refieren a un escrito que ellos radicaron en oposición a la moción para que se desestimara el recurso, diciendo que "en dicha oposición citamos manifestaciones literales consignadas *en los autos que están ya en la consideración de esta Hon. Corte Suprema.*" Además, en una moción en que se solicita prórroga para radicar el alegato en apelación, presentada el 11 de julio de 1938, los apelantes hacen constar expresamente en su primer párrafo lo siguiente:

"Que en el presente caso llevaron ante esta Hon. Corte los autos de este pleitos (*sic*) para discutirse el *injunction* núm. 19, entre las mismas partes, para hacer efectiva la jurisdicción."

En el quinto párrafo de esa misma moción los apelantes también hacen constar expresamente, y decimos esto por el peso que pueda tener, que están ansiosos de que se decida el caso y que no tienen interés en solicitar la posposición de la vista.

Además de estas constancias de los autos del caso núm. 7770, durante la vista celebrada ante nos el día 6 de febrero oímos la declaración del Secretario de la Corte de Distrito de San Juan y la del Secretario de este tribunal. De ellas se desprende enteramente que los autos originales de la corte de distrito en apelación para ante este tribunal fueron dejados en nuestro poder por el Secretario de la Corte de Distrito de San Juan y que permanecieron aquí hasta el 14 de noviembre, 1938, cuando fueron devueltos a dicha corte de distrito. A virtud de la resolución de este tribunal de febrero 4, 1939, los mismos autos originales fueron devueltos a esta corte e identificados tanto por el secretario de la corte de distrito como por el de este Tribunal Supremo y se hallan nuevamente ante nos.

Sea ello como fuere, no puede haber duda alguna de que los documentos originales que constituían los autos completos en la corte inferior se hallaban ante este tribunal al tiempo en que dictó su decisión en los casos números 7770 y 19. Estos documentos incluían la opinión del Juez Romany a que cuidadosamente nos referimos en nuestra opinión de julio 26, 1938.

*Debe declararse sin lugar la moción para que se anule nuestra sentencia de julio 26, 1938.*